# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TERRY LEE HATFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10CR84-1 |
| | ) | 1:13CV902 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On October 27, 2010, this Court (per United States District Judge Thomas D. Schroeder) entered judgment against Petitioner imposing, <u>inter alia</u>, consecutive sentences of 123 months and 60 months in prison, as a result of his guilty plea to Counts Two and Four of his Indictment (which charged him with possessing with intent to distribute 31 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and possessing a firearm in furtherance of that drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), respectively). (<u>See</u> Docket Entry 1 (Indictment); Docket Entry 10 (Plea Agreement); Docket Entry 13 (Judgment); Docket Entries dated May 27 and Oct. 13, 2010 (documenting plea and sentencing hearings, respectively).)[1] Petitioner did not file notice of appeal. (<u>See</u> Docket Entries dated Oct. 13, 2010, to present.)

---

[1] Parenthetical citations refer to Petitioner's criminal case.

On October 9, 2013, the Court docketed Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"), which he signed as submitted to prison officials for mailing on September 26, 2013. (Docket Entry 22.) The United States has moved for dismissal (Docket Entry 27) and Petitioner has responded (Docket Entry 30). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts that, in calculating his advisory Sentencing Guidelines range, including via the Career Offender guideline, U.S.S.G. § 4B1.1, the Court violated Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (Docket Entry 22 at 1-4.) "A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period to file a claim under Section 2255 commenced on or about November 10, 2010, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on October 27, 2010. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same).  That one-year period expired on or about

November 10, 2011, nearly two years before Petitioner submitted his Section 2255 Motion. Accordingly, if Paragraph (1) of Subsection 2255(f) applies, Petitioner's Section 2255 Motion is untimely.

Petitioner does not argue that Paragraphs (2) or (4) of Subsection 2255(f) govern his Section 2255 Motion or that equitable tolling renders it timely; instead, he asserts that Paragraph (3) of Subsection 2255(f) applies, such that his one-year filing period runs from the date(s) of decision of Alleyne and/or Descamps. (See Docket Entry 22 at 4-5; Docket Entry 30 at 1-4.) That contention fails. See 28 U.S.C. § 2255(f)(3) (limiting its application to Supreme Court decisions "made retroactively applicable to cases on collateral review"); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. Sept. 27, 2013) ("Alleyne has not been made retroactively applicable to cases on collateral review."); Johnson v. United States, Nos. 4:08CR876RBH-2, 4:14CV2438RBH, 2014 WL 7403972, at *3 (D.S.C. Dec. 30, 2014) (unpublished) ("Descamps has not been made retroactive on collateral review."); Powell v. United States, Nos. 3:11CV377RJC, 3:06CR189RJC, 2014 WL 4793232, at *6 (W.D.N.C. Sept. 25, 2014) (unpublished) (same); Eley v. United States, Nos. 5:14CV263D, 5:11CR374D, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014) (unpublished) (same); United States v. Thomas, Nos. 3:14CV345FDW, 3:92CR284FDW3, 2014 WL 2931077, at *2 (W.D.N.C. June 30, 2014) (unpublished) ("[The] [p]etitioner contends that the petition is timely under § 2255(f)(3) because it

4

was filed within one year of Alleyne. Section 2255(f)(3) does not apply to render the petition timely, as Alleyne has not been held to be retroactive on collateral review." (internal citation omitted)), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014).[2]

Accordingly, Paragraph (1) of Subsection 2255(f) applies and Petitioner's Section 2255 Motion is untimely.[3]

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 27) be granted and that Petitioner's Motion

---

[2] Nor could Petitioner rely on any change in the law affected by Alleyne or Descamps to secure either delayed accrual under Paragraph (4) of Subsection 2255(f) or equitable tolling. See Whiteside v. United States, ___ F. 3d ___, ___, 2014 WL 7245453, at *2-7 (4th Cir. 2014) (en banc) (holding that court rulings generally do not trigger application of Paragraph (4) of Subsection 2255(f) or warrant equitable tolling).

[3] In any event, "[b]ecause [Petitioner] was sentenced below the statutory maximums on each count, his [Apprendi] argument is without merit." United States v. McKoy, 498 F. App'x 369, 370 (4th Cir. 2012); accord United States v. Miller, 372 F. App'x 358, 358-59 (4th Cir. 2010). Similarly, "[a]s Alleyne had no effect on Guidelines enhancements, [that aspect of Petitioner's] claim is without merit." United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014). Finally, because Petitioner's Section 2255 Motion does not explain how the Court's application of the Career Offender guideline contravened Descamps (see Docket Entry 22 at 1-4), any such claim "is vague, conclusory, speculative, and unsupported and fails for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error. . . . Thus, vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).

5

to Vacate, Set Aside, or Correct Sentence (Docket Entry 22) be dismissed without issuance of a certificate of appealability.

                                                                /s/ L. Patrick Auld
                                                         **L. Patrick Auld**
                                      **United States Magistrate Judge**

January 20, 2015